*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MCKINNEY, Minors.

UNPUBLISHED
May 30, 2024

No. 368370
Jackson Circuit Court
Family Division
LC No. 22-002949-NA

Before: MARKEY, P.J., and RIORDAN and CAMERON, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to her minor children, BDM and LAM, under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (c)(*ii*) (failure to rectify other conditions), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood that child will be harmed if returned to parent). Respondent argues on appeal that the trial court erred by determining termination was in the children's best interests. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After LAM was born positive for amphetamines and methamphetamines, and respondent left the hospital without LAM and gave verbal consent for the hospital to discharge LAM to his paternal aunt, BDM and LAM were removed and placed with their paternal aunt, with whom they thrived. The children's father, also a respondent, but not a party to this appeal, was incarcerated at the time and wished for his children to be placed with his sister.

After a prolonged period during which respondent failed to participate in almost any mandatory services, and scarcely visited with the children, petitioner, the Michigan Department of Health and Human Services (DHHS), requested termination of both parents' parental rights. The father wished for his rights to be terminated so his sister could adopt the children. The trial court also terminated respondent's parental rights, noting it was in the children's best interests to have permanency and stability with their paternal aunt, who was willing to adopt them. The trial court considered guardianship, given the children's relative placement, but reasoned adoption was the better option because the paternal aunt may need the adoption subsidy to care for the children, which was not guaranteed in a guardianship. Respondent now appeals the trial court's best-interests findings.

-1-

## II. BEST INTERESTS

Respondent argues the trial court erred in finding termination was in the children's best interests. We disagree.

## A. STANDARD OF REVIEW

"We review for clear error both the court's decision that a ground for termination has been proven by clear and convincing evidence and, where appropriate, the court's decision regarding the child's best interest[.]" *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "A trial court's decision is clearly erroneous [i]f although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id*. at 41 (quotation marks and citation omitted, alteration in original). "Best interests are determined on the basis of the preponderance of the evidence." *In re LaFrance Minors*, 306 Mich App 713, 733; 858 NW2d 143 (2014).

## B. LAW AND ANALYSIS

The trial court should weigh all the evidence available to determine the children's best interests. To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014) (citations omitted).]

Respondent first contends the trial court erred by determining it was in the children's best interests to terminate her parental rights because they were in a relative placement and DHHS was open to a guardianship. She apparently believes the trial court should have found a guardianship was in the children's best interests. However, the record reflects that, while DHHS was tentatively open to a guardianship, its recommendation was still to terminate respondent's parental rights, particularly given the children's young ages. Therefore, even if the trial court was bound by DHHS's recommendation, which it was not, there was no such recommendation in place. Respondent points to no other reason why the trial court's decision to terminate over a guardianship was in error.

Second, respondent argues that (1) there was no evidence in the record supporting the trial court's determination that the paternal aunt needed the adoption subsidy, and (2) an adoption subsidy is not a factor for a trial court to consider when making a best-interests determination. However, respondent fails to recognize the other factors the trial court considered. Aside from the potential need for a subsidy, the trial court considered respondent's lack of engagement in court-ordered services, her failure to rectify the barriers which brought the children into care, and the children's need for permanency and stability. The trial court's consideration of the subsidy related to its choice of adoption over guardianship, but the record was replete with other evidence

supporting the trial court's ultimate decision to terminate respondent's parental rights. Respondent does not challenge any of the trial court's other reasons for terminating her parental rights, and, regardless, we find no clear error in its decision.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Riordan
/s/ Thomas C. Cameron